# BakerHostetler

**Baker&Hostetler LLP**

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

January 21, 2020

Amanda L. Van Hoose Garofalo
direct dial: 212.589.4610
agarofalo@bakerlaw.com

**VIA EMAIL
(TORRES_NYSDCHAMBERS@NYSD.USCOURTS.GOV)
AND ECF**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Victor Lopez and On Behalf of All Other Persons Similarly Situated v. Yard House USA, Inc.*; Case No. 1:19-cv-09908

Dear Judge Torres:

We represent Yard House USA, Inc. ("Defendant") in the above-referenced matter. Pursuant to Section III of Your Honor's Individual Rules of Practice in Civil Cases, we respectfully submit the following basis for Defendant's proposed Motion to Dismiss.

**General Factual Background**

This disability discrimination case, which is one of over 200 identical cases filed in the federal courts in New York since October 2019, asserts claims arising out of Plaintiff's alleged inability to purchase a gift card related to Defendant's physical restaurant locations because Plaintiff is visually impaired, and Defendant does not presently offer gift cards containing Braille. Plaintiff claims this inability has deterred him from visiting Defendant's physical restaurant locations and/or enjoying the goods and services offered by Defendant in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-101, *et seq.* Among other things, Plaintiff seeks injunctive relief requiring Defendant to "design, implement and sell store gift cards . . . that are embossed with Braille writing that identify the name of the merchant and the denomination of the gift card (if the gift card has a specified denomination) with Braille writing on the packaging of the store gift cards," and also "convey other pertinent information contained on all of . . . Defendant's store gift cards such as terms of use, privacy policies, ability to ascertain gift card

The Honorable Analisa Torres
January 21, 2020
Page 2

balance, restrictions, etc. in Braille either on the card, affixed to the card or inserted in the packaging." (Compl. ¶ 36). The Complaint, however, contains numerous deficiencies that warrant dismissal under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

### Mr. Lopez's Disability Discrimination Claims Should Be Dismissed Pursuant to Rule 12(b)(6) For Failure To Put Defendant On Notice Of His Specific Claims And Failure To State A Plausible Claim For Relief

For starters, the Complaint does not put Defendant on notice of Mr. Lopez's specific claims. Instead, the Complaint suggests that Defendant's gift cards are services, goods, forms of communication and places of public accommodation, all of which are treated differently under Title III and have different applicable law. Defendant, therefore, cannot properly respond to Mr. Lopez's allegations or prepare a defense.

Nevertheless, it is abundantly clear, based on both the Complaint and applicable law, that under any of the foregoing theories, Plaintiff cannot prevail. First, gift cards are goods, which Defendant need not alter under Title III. *See, e.g.*, 28 C.F.R § 36.307(a) (Title III does not require a public accommodation to "alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities"); *McNeil v. Time Ins. Co.*, 205 F.3d 179, 187–88 (5th Cir. 2000) (Title III does not require the owner of a public accommodation to "modify or alter the goods and services that it offers in order to avoid violating Title III"); DOJ Technical Assistance Manual III-4.2500 (providing examples of special goods, including local bookstore that customarily stocks only regular print versions of books is not required to expand its inventory to include large print or audio books).

Second, to the extent the Complaint contends gift cards are a form of communication or a service that provides a method of communication and that Brailled gift cards are required to ensure effective communication, Plaintiff's claim also fails. Not only does he wholly fail to present any allegations even suggesting that a gift card is a form of communication or a service, the ADA does not require Defendant to use Braille as an auxiliary aid. While a public accommodation must furnish appropriate auxiliary aids and services to ensure effective communication, the type of auxiliary aid will vary in accordance with the individual, the communication, and the context of the communication, and the ultimate decision "as to what measures to take rests with the public accommodation, provided that the method chosen results in effective communication." 28 C.F.R. § 36.303(c)(1)(ii). "For example, a restaurant would not be required to provide menus in Braille for patrons who are blind, if the waiters in the restaurant are made available to read the menu." 28 C.F.R. § Pt. 36, App. C. Likewise, Title III does not require Defendant to provide store gift cards containing Braille if other auxiliary aids would provide effective communication. The Complaint does not suggest, however, that Defendant refused to provide an effective auxiliary aid, much less that Mr. Lopez even requested an auxiliary aid from Defendant. Nor does the Complaint suggest

The Honorable Analisa Torres
January 21, 2020
Page 3

there are no other auxiliary aids Defendant could possibly provide that would provide effective communication.[1]

Third, to the extent Plaintiff's claim is that Defendant has denied him access to its good and services because the lack of Brailled gift cards prevents him from visiting Defendant's locations, Plaintiff's claim also fails. The Complaint provides little more than the cursory allegation that the alleged inaccessibility of Defendant's store gift card deters Mr. Lopez from visiting Defendant's brick-and-mortar locations. Notably, Mr. Lopez does not suggest why he needs a store gift card to visit Defendant's brick-and-mortar locations when cash, credit cards, and debit cards would all permit Mr. Lopez to visit and enjoy the services provided by Defendant. Mr. Lopez's allegations amount to nothing more than a recitation of language straight from Title III, which does not satisfy the pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (mere recitation of elements of cause of action will not suffice).

Finally, to the extent the Complaint attempts to categorize gift cards themselves as "places of public accommodation," not only does such categorization defy logic, it cannot be squared with the statutory text. *See* 42 U.S.C. § 12181(7) (listing twelve categories of private entities that are considered public accommodations). For all the foregoing reasons, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### Mr. Lopez's Claims Should Be Dismissed Under Rule 12(b)(1)

Those deficiencies aside, Mr. Lopez also lacks standing to bring Title III claims against Defendant. The Complaint does not plausibly suggest Mr. Lopez was prevented from visiting Defendant's brick-and-mortar locations, or that Mr. Lopez intends to visit Defendant's brick-and-mortar locations in the future. *See Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013) (plaintiff seeking injunctive relief must show identified injury presents a "real and immediate threat of repeated injury"); *Small v. Gen. Nutrition Cos.*, 388 F. Supp. 2d 83, 86 (E.D.N.Y. 2005) (plaintiff seeking injunctive relief must show plausible intention to return to place but for access barriers; intent to return to place of injury "some day" is insufficient). Rather, Mr. Lopez simply says he intends to purchase a gift card in the future. Simply, the Complaint falls woefully short of demonstrating that Mr. Lopez has standing to seek injunctive relief. As such, his claim for injunctive relief should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).[2]

Accordingly, Defendant respectfully requests permission to file a motion to dismiss on the bases outlined above. In light of the proposed motion, Defendant respectfully requests that all discovery and discovery deadlines be stayed pending the resolution of the motion and that the

---

[1] Mr. Lopez's disability discrimination claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") would fail for the same reasons set forth herein because disability claims under such laws are governed by the same legal standards as federal Title III claims. *See Giambattista v. Am. Airlines*, 584 F. App'x 23, 26 (2d Cir. 2014).

[2] Mr. Lopez's NYSHRL and NYCHRL claims should also be dismissed because such claims are governed by the same standing requirements as Title III. *See Mendez v. Apple, Inc.*, No. 18-cv-7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019).

The Honorable Analisa Torres
January 21, 2020
Page 4

initial pretrial conference, currently scheduled for February 6, 2020 be adjourned until resolution of the motion in order for the parties and the Court to avoid spending time and resources on a case that may, ultimately, be dismissed. This is the second request for an adjournment of the conference – the first was granted based upon the time for Defendant to respond to the Complaint. Plaintiff counsel consents to this request.

                                                  Respectfully submitted,

                                                  */s/ Amanda L. Van Hoose Garofalo*
                                                    Amanda L. Van Hoose Garofalo